UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRYL TYRONE FOSTER,<br><br>                       Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                       Respondent. | Civil No.   10cv1952 BTM (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST STAY AND ABEYANCE** |

      Petitioner, a state prisoner proceeding pro se, has filed a motion asking the Court to grant a stay and abeyance pursuant to *Rhines v. Webber*, 54 U.S. 269 (2005). The Court cannot grant or deny a stay in this matter because Petitioner has not yet filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Therefore, unless Petitioner is a capital prisoner, he has not initiated habeas proceedings in this Court. *Calderon (Nicolaus) v. United States District Court*, 98 F.3d 1102, 1107 n. 3 (9th Cir. 1996) (stating that "[u]nlike non-capital prisoners who initiate habeas proceedings by filing a petition for a writ of habeas corpus, capital prisoners commence federal habeas proceedings by filing a request for appointment of counsel"); *McFarland v. Scott*, 512 U.S. 849 (1994). Petitioner does not contend that he is a capital prisoner, that is, a prisoner under sentence of death, and there is nothing in the documents he has submitted which indicates that he is a capital prisoner.

/ / /

/ / /

-1-

Further, the Court advises Petitioner that a one-year statute of limitations of 28 U.S.C. § 2241(d)(1)(A)-(D), which provides that the limitation period shall run from the latest of:

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (2008).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## CONCLUSION

For the foregoing reasons, Petitioner's request to stay and abey this matter is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: October 1, 2010

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge