1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DERRYL T. FOSTER,

                        Petitioner,

          v.

K. HARRINGTON, Warden

                        Respondent.

Civil No.    10-1952 BTM (BLM)

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

        On September 15, 2010, Petitioner, a state prisoner proceeding pro se, filed a document titled "Stay in Abeyance Motion to File" which the Court construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a Motion for Stay and Abeyance.  By Order dated October 1, 2010, the Court denied Petitioner's Motion for Stay and Abeyance noting that Petitioner had not yet filed a Petition for Writ of Habeas Corpus with this Court. (See Order dated October 1, 2010, in Case No. 10cv1952 BTM (BLM) [doc. no. 2].)  On March 16, 2011, Petitioner filed a document titled "Addendum Under Due Process Ineffective Assistance of Counsel Prejudicial Claim" which the Court construed as a First Amended Petition. [Doc. No. 8.] For the reasons set forth below, the Court **DISMISSES** the First Amended Petition without prejudice.

//

//

//

## FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

## VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at Kern Valley State Prison, located in Kern County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(c)(1). While it appears that Petitioner's conviction was in San Diego County, he does not state where he was convicted. Petitioner must tell the Court where he suffered the conviction which he seeks to challenge in this matter.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

1   due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only

2   in federal court, but in state court." Id. at 366 (emphasis added).

3      Nowhere on the Petition does Petitioner allege that he raised his claims in the California

4   Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so

5   specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."

6   Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619

7   (4th Cir. 1998);  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997);  Oyler v. Allenbrand,

8   23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

9      Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

10   Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

11   of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

12   limitation period shall run from the latest of:

13              (A) the date on which the judgment became final by the
                conclusion of direct review or the expiration of the time for seeking
14              such review;

15              (B) the date on which the impediment to filing an application
                created by State action in violation of the Constitution or laws of the
16              United States is removed, if the applicant was prevented from filing
                by such State action;

17

18              (C) the date on which the constitutional right asserted was
                initially recognized by the Supreme Court, if the right has been
19              newly recognized by the Supreme Court and made retroactively
                applicable to cases on collateral review; or

20              (D) the date on which the factual predicate of the claim or
                claims presented could have been discovered through the exercise
21              of due diligence.

22   28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

23      The statute of limitations does not run while a properly filed state habeas corpus petition

24   is pending.  28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

25   But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

26   when its delivery and acceptance [by the appropriate court officer for placement into the record]

27   are in compliance with the applicable laws and rules governing filings."). However, absent some

28   other basis for tolling, the statute of limitations does run while a federal habeas petition is

1   pending.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

2        Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

3   habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

4   it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

5   § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

6   habeas relief because he has not alleged exhaustion of state court remedies.

7                              **FAILURE TO USE PROPER FORM**

8        Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with

9   the Local Rules of the United States District Court for the Southern District of California.  <u>See</u>

10  Rule 2(c), 28 U.S.C. foll. § 2254.  In order to comply with the Local Rules, the petition must be

11  submitted upon a court-approved form and in accordance with the instructions approved by the

12  Court.  Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

13  approved form

14                              **CONCLUSION AND ORDER**

15       In light of the above, the Court **DISMISSES** the case without prejudice for Petitioner's

16  failure to satisfy the filing fee requirement, demonstrate venue is proper in this Court, allege

17  exhaustion of state judicial remedies and use a court-approved form.  If Petitioner wishes to

18  proceed with this case, he must submit, **no later than <u>May 31, 2011,</u>** a copy of this Order with

19  the $5.00 fee or with adequate proof of his inability to pay the fee AND a Second Amended

20  Petition which cures the pleading deficiencies noted above. ***The Clerk of Court shall send a***

21  ***blank Southern District of California In Forma Pauperis Application to Petitioner and a***

22  ***Second Amended Petition form along with a copy of this Order.***

23       **IT IS SO ORDERED.**

24

25   DATED:  April 4, 2011

26                                    _____

27                                    Honorable Barry Ted Moskowitz
                                     United States District Judge

28

-4-